THE BOROUGH OF EMERSON, PROSECUTOR, v. STATE BOARD OF TAXES AND ASSESSMENT AND HACKENSACK WATER COMPANY, RESPONDENTS.

Decided March 22, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *George L. Record* and *Frank Pascarella.*

For the respondents, *Wright, Vander Burgh & McCarthy* (*Wendell J. Wright,* of counsel).

PER CURIAM.

The prosecutor, by writ of *certiorari,* seeks to set aside a judgment of the state board of taxes and assessment canceling

an assessment levied on buildings and other improvements on the lands of the Hackensack Water Company, in the borough of Emerson.

The facts are briefly these: The property of the Hackensack Water Company, in the borough mentioned, was assessed as October 1st, 1925, as follows: Lands, $28,000; buildings and other improvements, $150,000, constituting total value of real property at $178,000.

Upon this assessment being transmitted to the Bergen county board of taxation for revision and correction, the board struck out the assessment of $150,000, and returned the duplicate to the assessor with the item of $150,000 deleted. The assessor filed an appeal with the county board of taxation requesting a reinstatement of the $150,000 assessment, struck out by the board against "buildings and other improvements."

From this action of the board the water company appealed to the state board of taxes and assessments, and that board canceled the assessment of $150,000.

It is conceded there are no buildings or structures upon the land of the Hackensack Water Company in the borough of Emerson. The lands in question are mainly under water, a section of which lands comprises a portion of the reservoir extending into several municipalities in which reservoir water is impounded for the purpose of the water company.

The situation being as above stated, the state board held that under the General Tax act (*Rev.* 1918, *ch.* 236, § 401) and the rule prescribed by the board in pursuance thereof, that only buildings and other structures on the lands are included as improvements, and since there were no buildings or structures on this parcel of real estate, or elsewhere in the borough belonging to the water company, the assessment in that respect could not be upheld.

In answer to the petitioner's petition that the assessment for improvements be canceled, it was contended by respondents before the board, and the contention is repeated here, that the improvements represent expenditures of the water company in excavating land so that it may be made available as a reservoir for the impounding of water.

We are in accord with the view of the state board that if the work done by the company on the land for the purpose which the land was to be used tended to enhance its value, that this circumstance should have been considered in fixing its value and must be considered to have been done.

The water company did not appeal from the assessment of $28,000 against the lands, therefore in the posture of the case as it was before the board there was no other proper course for it to take than to strike out the assessment of $150,000, there being no basis for its support.

The writ is dismissed, with costs.